# EXHIBIT 1

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 692-6240
WWW.CO.MADISON.IL.US

DICHA JAMERSON (nee PUCKETT),                                    2017L 001582
Individually and on behalf of all others
similarly situated,

      PLAINTIFF

VS.                                                    CASE No. 2017-L-_____

Cedarhurst of Edwardsville
Holdings, LLC, et al.

      DEFENDANTS


DEFENDANT: Cedarhurst of Collinsville Holdings, LLC, RA Joshua R. Jennings, 16319
Briarwood Dr., Effingham IL 62401.

      You are hereby summoned and required to file an answer in this case, or otherwise
file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after
service of this summons, exclusive of the day of service. If you fail to do so, a judgment or
decree by default may be taken against you for the relief prayed in the complaint.

      This summons may not be served later than 30 days after its date.

| WITNESS: MARK VON NIDA, the Clerk of the Circuit Court and the seal thereof at Edwardsville, Illinois.    Nov 17 2017 12:00AM |
|---|
|  | MARK VON NIDA - Clerk of the Circuit Court<br><br>*K. M. Clem*<br><br>Deputy Clerk |

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
JOHN J. DRISCOLL
THE DRISCOLL FIRM, P.C.
211 N. BROADAY, 40TH FLOOR, ST. LOUIS, MO 63102

Date of Service: _____, 20____.
(To be inserted by officer on the copy left with the defendant or other person)

Case Number 2017-L-001582
Transaction ID: 61375999
Date: Nov 17 2017 03:49PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

| | |
|---|---|
| DICHA JAMERSON (nee PUCKETT), individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 17 -L- _____ |
| CEDARHURST OF EDWARDSVILLE HOLDINGS, LLC; CEDARHURST OF EDWARDSVILLE OPERATOR, LLC; CEDARHURST MEMORY CARE OF EDWARDSVILLE, LLC; CEDARHURST OF COLLINSVILLE HOLDINGS, LLC; CEDARHURST OF COLLINSVILLE, LLC; CEDARHURST OF COLLINSVILLE OPERATOR, LLC; CEDARHURST OF GREENVILLE HOLDINGS, LLC; CEDARHURST OF GREENVILLE OPERATOR, LLC; CEDARHURST OF GREENVILLE REAL ESTATE, LLC; CEDARHURST OF JACKSONVILLE HOLDINGS, LLC; CEDARHURST OF JACKSONVILLE, LLC; CEDARHURST OF JACKSONVILLE OPERATOR, LLC; CEDARHURST OF SHILOH COTTAGES, LLC; CEDARHURST OF SHILOH, LLC; CEDARHURST OF SHILOH OPERATOR, LLC; CEDARHURST OF SPARTA HOLDINGS, LLC; CEDARHURST OF SPARTA, LLC; CEDARHURST OF SPARTA OPERATOR, LLC; and DOE DEFENDANTS 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff Dicha Jamerson (nee Puckett), individually, and on behalf of all others similarly situated, by and through her attorneys, JOHN J. DRISCOLL and THE DRISCOLL FIRM, P.C., and brings this class action complaint pursuant to 735 ILCS 5/2-801, *et seq.,* and alleges as follows:

## NATURE OF THE ACTION

1.      This is a Class Action for money damages arising from Defendants' violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et. seq.,* ("BIPA") in that Defendants illegally collected, stored and used Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information ("biometrics") without informed written consent, in direct violation of BIPA.

2.      Our legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.*

3.      In response to these concerns over the security of individuals' biometrics, (740 ILCS 14/5(b)) our legislature enacted BIPA, which provides, *inter alia*, that a private entity may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release

from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a) and (b).

      4.      In violation of each of the foregoing provisions of §15(a) and (b) of BIPA, the Defendants are actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of hundreds or more unwitting Illinois resident citizens.

      5.      Plaintiff seeks class certification pursuant to 735 ILCS 5/2-801, *et seq.*  Dicha Jamerson (nee Puckett), individually, and on behalf of all others similarly situated ("the Class"), brings this action against the Cedarhurst Defendants and the Doe Defendants described in further detail below (collectively, "Defendants"), for claims relating to the violation of Plaintiff's privacy rights and to recover statutory damages for Defendants' unauthorized collection, storage, and use of Plaintiff's and the Class members' respective biometric information in violation of BIPA.

## PARTIES

### I.    PLAINTIFF

      6.      Cedarhurst collected, captured, stored and used plaintiff's biometric information for the purpose of tracking time and attendance while she was an employee of Cedarhurst.

      7.      Plaintiff Dicha Jamerson is, and at all times relevant to this action was, a resident citizen of Madison County, Illinois.  Jamerson is a former Cedarhurst employee at a location in Edwardsville, Illinois.  Jamerson was required to submit her biometric information at the direction of and for use by her employer.  At no time during her employment at Cedarhurst

was Jamerson informed in writing that her biometric information was being collected or stored or of the specific purpose and length of term for which her biometric information was being collected, stored, and used.   At no time did Jamerson execute a writing releasing or permitting Defendants to utilize her biometric information.   Jamerson was never provided with a publicly available written policy regarding a schedule or guideline for the retention and permanent destruction of her biometric information.

## II.   DEFENDANTS

8.      Defendants Cedarhurst of Edwardsville Holdings, LLC; Cedarhurst of Edwardsville Operator, LLC; Cedarhurst Memory Care of Edwardsville, LLC; Cedarhurst of Collinsville Holdings, LLC; Cedarhurst of Collinsville, LLC; Cedarhurst of Collinsville Operator, LLC; Cedarhurst of Greenville Holdings, LLC; Cedarhurst of Greenville Operator, LLC; Cedarhurst of Greenville Real Estate, LLC; Cedarhurst of Jacksonville Holdings, LLC; Cedarhurst of Jacksonville, LLC; Cedarhurst of Jacksonville Operator, LLC; Cedarhurst of Shiloh Cottages, LLC; Cedarhurst of Shiloh, LLC; Cedarhurst of Shiloh Operator, LLC; Cedarhurst of Sparta Holdings, LLC; Cedarhurst of Sparta, LLC; and Cedarhurst of Sparta Operator, LLC (collectively, jointly, and severally, "Cedarhurst") are all citizens of the State of Illinois.

9.      Save for Cedarhurst of Collinsville Holdings, LLC, each of the foregoing Defendants shares the same registered agent for service of process.   That registered agent is Joshua R. Jennings, 7108 Marine Rd., Edwardsville IL 62025.

10.      The registered agent for Cedarhurst of Collinsville Holdings, LLC is Joshua R. Jennings, 16319 Briarwood Dr., Effingham IL 62401.

11.      Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise, of those defendants fictitiously sued as Doe Defendants 1

through 100  inclusively and therefore Plaintiff sues them by these fictitious names.   Plaintiff names only the Doe Defendants 1 through 100 that are citizens of Illinois, and specifically refrains from and does not include herein any non-Illinois citizen whether individual, corporate, associate or otherwise.  Doe Defendants 1 through 100 are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiff will amend the Complaint to show the true names and capacities of these fictitiously named defendants.

## III.    DEFENDANTS' JOINT AND SEVERAL LIABILITY

12.    Defendants, and each of them, exercised, and continue to exercise, control over their respective operations, including the facts and circumstances giving rise to this case, such that each of them, and all of them, are liable jointly and severally for the acts of each other and the acts of the Doe Defendants, whether through operation of *respondeat superior*, the law of agency, alter ego, common law joint and several liability, joint enterprise / civil conspiracy, or other grounds.

## JURISDICTION AND VENUE

13.    This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq*.) seeking statutory and actual damages.

14.    This Court has subject matter and personal jurisdiction over the parties to this cause of action.  All named parties are citizens of Illinois.  Accordingly, there is no complete diversity of citizenship as contemplated by 28 U.S.C. §1332(a), nor is there minimal diversity as contemplated by 28 U.S.C. §1332(d).  No federal question is presented by this complaint.  Plaintiff brings this complaint solely under state law and not under federal law, and specifically not under the United States Constitution, nor any of its amendments, nor under 42 U.S.C. § 1981 or 1982, nor any other federal statute, law, rule, or regulation.  Federal jurisdiction does not exist.  Plaintiff

believes and alleges that a cause of action exists under state law for the conduct complained of herein. If this Court or the Appellate Courts of Illinois were to rule that Plaintiff has no cause of action under state law for the conduct set out herein, then Plaintiff seeks no remedy. Accordingly, Plaintiff expressly waives and hereby disavows any claim for any relief whatsoever under any federal law or any federal question concerning the allegations of this complaint, whether said allegations are pled or not.

15.    This Class Action is brought on behalf of only Illinois citizens within the State of Illinois who submitted their respective biometric information to the Defendants within the State of Illinois.

16.    Consistent with the Due Process Clauses of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over the Cedarhurst Defendants because these defendants are citizens of Illinois, and are therefore present in the State of Illinois such that requiring an appearance does not offend traditional notions of fair play and substantial justice. Defendants are Illinois citizens because they have their principal place of business in Illinois, were organized under the laws of Illinois, and/or have a member that has its principal place of business in Illinois or was organized under the laws of Illinois.

17.    Cedarhurst employed Plaintiff and each Class member in Illinois, including in Madison County, Illinois. Accordingly, venue is proper under 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil Procedure.

18.    Plaintiff and each member of the Class have individually incurred actual damages in an amount less than $75,000.00. Neither the Plaintiff nor any member of the Class seeks damages exceeding $75,000, nor do their damages individually exceed $75,000.00, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder. Plaintiffs do not seek

any form of "common" recovery, but rather individual recoveries not to exceed $75,000.00, for any Class member, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder.

**FACTS COMMON TO ALL COUNTS**

**I.    Illinois' Biometric Information Privacy Act**

19.    In 2008, our state enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information."  Illinois House Transcript, 2008 Reg. Sess. No. 276.  BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

> (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;
> (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used: and
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

20.    Section 15 (a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

21.    As alleged herein, Cedarhurst's practices of collecting, storing, and using individuals' biometric identifiers without informed written consent violate all three prongs of §

7

15(b) of BIPA. The Defendants' failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric information also violates §15(a) of BIPA.

## II. Defendants' Utilization of Biometric Information To Advance Their Commercial Interests

22.    Cedarhurst has implemented biometric scanners in Illinois to track time and attendance of its employees, in an effort to combat time and attendance fraud and/or for other purposes of advancing Cedarhurst's commercial interests.

23.    The named plaintiff's biometric information was collected, captured, stored and used by Cedarhurst for the purpose of tracking time and attendance while she was an employee of Cedarhurst.

## III. Defendants' Violations of Illinois' Biometric Information Privacy Act

24.    Cedarhurst utilizes a finger or hand print reader/scanner for the purposes of measuring employees' time and attendance; this is a primary method to "clock-in" at Defendants' locations, all of which are located in Illinois. Defendants required all present and past employees that have worked at these locations to provide biometric information, specifically a scan of their finger and/or hand prints.

25.    Upon investigation and belief, the Defendants are violating BIPA in collecting and storing the biometric information of their employees at the locations that utilize biometric scanners (finger / hand print readers), as they are not first informing employees in writing that their biometric information is or will be collected and stored;   they are not first informing employees in writing of the specific purpose and length of term for which their respective biometric identifiers or biometric information will be collected, stored, and/or used;  nor are they first securing written releases from each respective employee.

26.     The Defendants' violations of BIPA are not occurring at just one location, nor are they being perpetrated in only one geography.   The Defendants' violations of BIPA are occurring at multiple locations in the state of Illinois, and have been occurring since Defendants' implementation of biometric scanners/readers.

## CLASS ACTION ALLEGATIONS

27.     This action is brought by the named Plaintiff on her own behalf and on behalf of a proposed Class of all other persons similarly situated, pursuant to 735 ILCS 5/2-801, defined as follows: *All Illinois citizens who had their biometric identifiers, information or data captured, collected, stored or used by the Defendants in violation of 740 ILCS 14/1, et. seq.*

28.     All members of the proposed Class are citizens of Illinois.   The principal injuries resulting from the alleged conduct or any related conduct of each Defendant were incurred in Illinois.   On information and belief, during the three-year period preceding the filing of this action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

29.     At least one defendant herein is a defendant from whom significant relief is sought by members of the plaintiff Class; whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff Class; and is a citizen of the State of Illinois.   Stating in the alternative, the primary defendants are citizens of the state of Illinois.

30.     The Plaintiff is the master of her complaint and cause.   Plaintiff specifically excludes from the proposed class the claims of any non-Illinois citizen; any and all claims against any non-Illinois citizens; any other claims, including claims for personal injury, wrongful death, or other property damage sustained by the Class; and any Judge conducting any proceeding in this action and members of their immediate families.

9

31.    The Class is so numerous that the individual joinder of all members is impracticable.  While the exact number of Class members is unknown at this time, it is generally ascertainable by appropriate discovery, is in the exclusive control of the Defendants, and it is believed that the Class may include hundreds or thousands of members.

32.    Common questions of law or fact arising from the defendants' conduct exist as to all members of the Class, as required by 735 ILCS 5/2-801.  These common questions include, but are not limited to, the following:

a.    Whether the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class?

b.    If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants inform the Plaintiff and the Class in writing that a biometric identifier or biometric information was being collected or stored?

c.    If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants inform the Plaintiff and the Class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used?

d.    If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants receive a written release executed by the Plaintiff and the Class of the biometric identifier or biometric information or the Plaintiff's or Class' legally authorized representative?

e.    If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first?

f.    Whether Defendants required employees to provide biometric information?

g.      Whether the Defendants captured, collected, stored or used the biometric information of customers?

33.    Class action treatment provides a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable.  The Class action device provides an appropriate and effective method whereby the enforcement of the rights of Plaintiff and members of the Class can be fairly managed without unnecessary expense or duplication.  The expense and burden of individual litigation of a case of this magnitude makes it impracticable for individual Class members to seek redress for the wrongs worked upon them.

34.    Individual litigation of all claims which might be asserted by all Class members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years.  The certification of a Class would allow litigation of claims that, in view of the expenses of litigation, may be insufficient in amounts to support separate actions.  Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of individual Class members, and result in judicial consistency.

35.    Plaintiff will fairly and adequately protect the interests of the Class Plaintiff represents.  The interests of Plaintiff, as the Class representative, are consistent with those of the members of the Class.  In addition, Plaintiff is represented by counsel experienced in complex and class action litigation.

36.    The prosecution of separate actions by individual members of the Class would create a risk of:

a.      Inconsistent or varying adjudications with respect to individual members of the Class;  and

b.      Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other

members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

37. Plaintiff and Class members envision no unusual difficulty in the management of this action as a Class action.

## COUNT I – CEDARHURST MEMORY CARE OF EDWARDSVILLE, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. Defendant Cedarhurst Memory Care of Edwardsville, LLC, is an Illinois limited liability company and citizen of the state of Illinois.

40. Defendant Cedarhurst Memory Care of Edwardsville, LLC is therefore a "private entity" pursuant to BIPA.

41. Cedarhurst, including Defendant Cedarhurst Memory Care of Edwardsville LLC, is a private entity that collects biometric information from many of its employees.

42. BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

43. The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst Memory Care of Edwardsville LLC or

its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

44. Defendant Cedarhurst Memory Care of Edwardsville LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

45. Also, Cedarhurst Memory Care of Edwardsville LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

46. Similarly, Cedarhurst Memory Care of Edwardsville LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

47. Defendant Cedarhurst Memory Care of Edwardsville LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst Memory Care of Edwardsville LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst Memory Care of Edwardsville LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)

statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst Memory Care of Edwardsville LLC's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT II – CEDARHURST OF EDWARDSVILLE HOLDINGS, LLC

### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

48.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49.     Defendant Cedarhurst of Edwardsville Holdings, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Edwardsville Holdings, LLC is therefore a "private entity" pursuant to BIPA.

50.     Cedarhurst, including Defendant Cedarhurst of Edwardsville Holdings, LLC, is a private entity that collects biometric information from many of its employees.

51.     BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

52.     The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Edwardsville Holdings, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

53.     Defendant Cedarhurst of Edwardsville Holdings, LLC 's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

54.     Also, Cedarhurst of Edwardsville Holdings, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

55.     Similarly, Cedarhurst of Edwardsville Holdings, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

56.     Defendant Cedarhurst of Edwardsville Holdings, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant Cedarhurst of Edwardsville Holdings, LLC 's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiff

and the Class by requiring Defendant Cedarhurst of Edwardsville Holdings, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Edwardsville Holdings, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT III – CEDARHURST OF EDWARDSVILLE OPERATOR, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

57.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58.    Defendant Cedarhurst of Edwardsville Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Edwardsville Operator, LLC is therefore a "private entity" pursuant to BIPA.

59.    Cedarhurst, including Defendant Cedarhurst of Edwardsville Operator, LLC, is a private entity that collects biometric information from many of its employees.

60.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release

16

executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

61.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Edwardsville Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

62.    Defendant Cedarhurst of Edwardsville Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

63.    Also, Cedarhurst of Edwardsville Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

64.    Similarly, Cedarhurst of Edwardsville Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

65.    Defendant Cedarhurst of Edwardsville Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant

Cedarhurst of Edwardsville Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Edwardsville Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Edwardsville Operator, LLC's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT IV – CEDARHURST OF COLLINSVILLE HOLDINGS, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

66.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67.    Defendant Cedarhurst of Collinsville Holdings, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Collinsville Holdings, LLC is therefore a "private entity" pursuant to BIPA.

68.    Cedarhurst, including Defendant Cedarhurst of Collinsville Holdings, LLC, is a private entity that collects biometric information from many of its employees.

69.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or

biometric information is being collected, stored, and used;  and (3) receives a written release

executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS

14/15(b) (emphasis added).

70.    The Plaintiff and the class are Illinois citizens that had their "biometric

information" collected and stored by Defendant Cedarhurst of Collinsville Holdings, LLC or its

agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other

individual biometric data points.

71.    Defendant Cedarhurst of Collinsville Holdings, LLC's receipt, collection,

storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and

done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

72.    Also, Cedarhurst of Collinsville Holdings, LLC failed to properly inform the

Plaintiff or the class members in writing of the specific purpose and length of terms for which their

biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-

(2).

73.    Similarly, Cedarhurst of Collinsville Holdings, LLC failed to publicly provide

a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs

or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

74.    Defendant Cedarhurst of Collinsville Holdings, LLC's collection, storage,

trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data

as described herein, violates the rights of each plaintiff and class member to keep private this

information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the

Plaintiff prays for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant Cedarhurst of Collinsville Holdings, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Collinsville Holdings, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Collinsville Holdings, LLC's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT V – CEDARHURST OF COLLINSVILLE, LLC
**Violation of 740 ILCS 14/1 et seq.**
**(On Behalf of Plaintiffs and the Class)**

75.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

76.     Defendant Cedarhurst of Collinsville, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Collinsville, LLC is therefore a "private entity" pursuant to BIPA.

77.     Cedarhurst, including Defendant Cedarhurst of Collinsville, LLC, is a private entity that collects biometric information from many of its employees.

78.     BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject

. . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

79.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Collinsville, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

80.    Defendant Cedarhurst of Collinsville, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

81.    Also, Cedarhurst of Collinsville, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

82.    Similarly, Cedarhurst of Collinsville, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

83.    Defendant Cedarhurst of Collinsville, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Collinsville, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Collinsville, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Collinsville, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT VI – CEDARHURST OF COLLINSVILLE OPERATOR, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

84.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

85.     Defendant Cedarhurst of Collinsville Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Collinsville Operator, LLC is therefore a "private entity" pursuant to BIPA.

86.     Cedarhurst, including Defendant Cedarhurst of Collinsville Operator, LLC, is a private entity that collects biometric information from many of its employees.

87.     BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or

biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

88.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Collinsville Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

89.    Defendant Cedarhurst of Collinsville Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

90.    Also, Cedarhurst of Collinsville Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

91.    Similarly, Cedarhurst of Collinsville Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

92.    Defendant Cedarhurst of Collinsville Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant Cedarhurst of Collinsville Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Collinsville Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Collinsville Operator, LLC's violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT VII – CEDARHURST OF GREENVILLE HOLDINGS, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

93.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

94.     Defendant Cedarhurst of Greenville Holdings, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Greenville Holdings, LLC is therefore a "private entity" pursuant to BIPA.

95.     Cedarhurst, including Defendant Cedarhurst of Greenville Holdings, LLC, is a private entity that collects biometric information from many of its employees.

96.     BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject

. . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

97.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Greenville Holdings, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

98.    Defendant Cedarhurst of Greenville Holdings, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

99.    Also, Cedarhurst of Greenville Holdings, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

100.    Similarly, Cedarhurst of Greenville Holdings, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

101.    Defendant Cedarhurst of Greenville Holdings, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Greenville Holdings, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Greenville Holdings, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Greenville Holdings, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT VIII – CEDARHURST OF GREENVILLE OPERATOR, LLC
**Violation of 740 ILCS 14/1 et seq.**
**(On Behalf of Plaintiffs and the Class)**

102.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

103.    Defendant Cedarhurst of Greenville Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Greenville Operator, LLC is therefore a "private entity" pursuant to BIPA.

104.    Cedarhurst, including Defendant Cedarhurst of Greenville Operator, LLC, is a private entity that collects biometric information from many of its employees.

105.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a

biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

106.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Greenville Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

107.    Defendant Cedarhurst of Greenville Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

108.    Also, Cedarhurst of Greenville Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

109.    Similarly, Cedarhurst of Greenville Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

110.    Defendant Cedarhurst of Greenville Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Greenville Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Greenville Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Greenville Operator, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT IX – CEDARHURST OF GREENVILLE REAL ESTATE, LLC
**Violation of 740 ILCS 14/1 et seq.**
**(On Behalf of Plaintiffs and the Class)**

111.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

112.    Defendant Cedarhurst of Greenville Real Estate, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Greenville Real Estate, LLC is therefore a "private entity" pursuant to BIPA.

113.    Cedarhurst, including Defendant Cedarhurst of Greenville Real Estate, LLC, is a private entity that collects biometric information from many of its employees.

114.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a

28

biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

115.   The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Greenville Real Estate, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

116.   Defendant Cedarhurst of Greenville Real Estate, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

117.   Also, Cedarhurst of Greenville Real Estate, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

118.   Similarly, Cedarhurst of Greenville Real Estate, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

119.   Defendant Cedarhurst of Greenville Real Estate, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Greenville Real Estate, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Greenville Real Estate, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Greenville Real Estate, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT X – CEDARHURST OF JACKSONVILLE HOLDINGS, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

120.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

121.    Defendant Cedarhurst of Jacksonville Holdings, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Jacksonville Holdings, LLC is therefore a "private entity" pursuant to BIPA.

122.    Cedarhurst, including Defendant Cedarhurst of Jacksonville Holdings, LLC, is a private entity that collects biometric information from many of its employees.

123.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

124.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Jacksonville Holdings, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

125.    Defendant Cedarhurst of Jacksonville Holdings, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

126.    Also, Cedarhurst of Jacksonville Holdings, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

127.    Similarly, Cedarhurst of Jacksonville Holdings, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

128.    Defendant Cedarhurst of Jacksonville Holdings, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data

as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Jacksonville Holdings, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Jacksonville Holdings, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Jacksonville Holdings, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XI – CEDARHURST OF JACKSONVILLE, LLC
**Violation of 740 ILCS 14/1 et seq.**
**(On Behalf of Plaintiffs and the Class)**

129.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

130.    Defendant Cedarhurst of Jacksonville, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Jacksonville, LLC is therefore a "private entity" pursuant to BIPA.

131.    Cedarhurst, including Defendant Cedarhurst of Jacksonville, LLC, is a private entity that collects biometric information from many of its employees.

132.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

133.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Jacksonville, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

134.    Defendant Cedarhurst of Jacksonville, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

135.    Also, Cedarhurst of Jacksonville, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

136.    Similarly, Cedarhurst of Jacksonville, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

137.    Defendant Cedarhurst of Jacksonville, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as

described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Jacksonville, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Jacksonville, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Jacksonville, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XII – CEDARHURST OF JACKSONVILLE OPERATOR, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

138.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

139.    Defendant Cedarhurst of Jacksonville Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Jacksonville Operator, LLC is therefore a "private entity" pursuant to BIPA.

140.    Cedarhurst, including Defendant Cedarhurst of Jacksonville Operator, LLC, is a private entity that collects biometric information from many of its employees.

141.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

142.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Jacksonville Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

143.    Defendant Cedarhurst of Jacksonville Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

144.    Also, Cedarhurst of Jacksonville Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

145.    Similarly, Cedarhurst of Jacksonville Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

146.    Defendant Cedarhurst of Jacksonville Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Jacksonville Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Jacksonville Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Jacksonville Operator, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XIII – CEDARHURST OF SHILOH COTTAGES, LLC
#### Violation of 740 ILCS 14/1 et seq.
#### (On Behalf of Plaintiffs and the Class)

147.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

148.    Defendant Cedarhurst of Shiloh Cottages, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Shiloh Cottages, LLC is therefore a "private entity" pursuant to BIPA.

149.    Cedarhurst, including Defendant Cedarhurst of Shiloh Cottages, LLC, is a private entity that collects biometric information from many of its employees.

150.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

151.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Shiloh Cottages, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

152.    Defendant Cedarhurst of Shiloh Cottages, LLC 's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

153.    Also, Cedarhurst of Shiloh Cottages, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

154.    Similarly, Cedarhurst of Shiloh Cottages, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

155.    Defendant Cedarhurst of Shiloh Cottages, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Shiloh Cottages, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Shiloh Cottages, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Shiloh Cottages, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XIV – CEDARHURST OF SHILOH, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

156.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

157.    Defendant Cedarhurst of Shiloh, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Shiloh, LLC is therefore a "private entity" pursuant to BIPA.

158.    Cedarhurst, including Defendant Cedarhurst of Shiloh, LLC, is a private entity that collects biometric information from many of its employees.

159.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

160.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Shiloh, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

161.    Defendant Cedarhurst of Shiloh, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

162.    Also, Cedarhurst of Shiloh, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

163.    Similarly, Cedarhurst of Shiloh, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

164.    Defendant Cedarhurst of Shiloh, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Shiloh, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Shiloh, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Shiloh, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XV – CEDARHURST OF SHILOH OPERATOR, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

165.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

166.    Defendant Cedarhurst of Shiloh Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Shiloh Operator, LLC is therefore a "private entity" pursuant to BIPA.

167.    Cedarhurst, including Defendant Cedarhurst of Shiloh Operator, LLC, is a private entity that collects biometric information from many of its employees.

168.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

169.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Shiloh Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

170.    Defendant Cedarhurst of Shiloh Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

171.    Also, Cedarhurst of Shiloh Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their

41

biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

172.    Similarly, Cedarhurst of Shiloh Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

173.    Defendant Cedarhurst of Shiloh Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Shiloh Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Shiloh Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Shiloh Operator, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XVI – CEDARHURST OF SPARTA HOLDINGS, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

174.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

175.    Defendant Cedarhurst of Sparta Holdings, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Sparta Holdings, LLC is therefore a "private entity" pursuant to BIPA.

176.    Cedarhurst, including Defendant Cedarhurst of Sparta Holdings, LLC, is a private entity that collects biometric information from many of its employees.

177.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

178.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Sparta Holdings, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

179.    Defendant Cedarhurst of Sparta Holdings, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

180.    Also, Cedarhurst of Sparta Holdings, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their

biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

181.    Similarly, Cedarhurst of Sparta Holdings, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

182.    Defendant Cedarhurst of Sparta Holdings, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Sparta Holdings, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Sparta Holdings, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Sparta Holdings, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XVII – CEDARHURST OF SPARTA, LLC
**Violation of 740 ILCS 14/1 et seq.**
**(On Behalf of Plaintiffs and the Class)**

183.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

184.    Defendant Cedarhurst of Sparta, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Sparta, LLC is therefore a "private entity" pursuant to BIPA.

185.    Cedarhurst, including Defendant Cedarhurst of Sparta, LLC, is a private entity that collects biometric information from many of its employees.

186.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

187.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Sparta, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

188.    Defendant Cedarhurst of Sparta, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

189.    Also, Cedarhurst of Sparta, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

190.    Similarly, Cedarhurst of Sparta, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

191.    Defendant Cedarhurst of Sparta, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Sparta, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Sparta, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Sparta, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XVIII – CEDARHURST OF SPARTA OPERATOR, LLC
### Violation of 740 ILCS 14/1 et seq.

**(On Behalf of Plaintiffs and the Class)**

192.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

193.    Defendant Cedarhurst of Sparta Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Sparta Operator, LLC is therefore a "private entity" pursuant to BIPA.

194.    Cedarhurst, including Defendant Cedarhurst of Sparta Operator, LLC, is a private entity that collects biometric information from many of its employees.

195.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

196.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Sparta Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

197.    Defendant Cedarhurst of Sparta Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

198.   Also, Cedarhurst of Sparta Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

199.   Similarly, Cedarhurst of Sparta Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

200.   Defendant Cedarhurst of Sparta Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant Cedarhurst of Sparta Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Sparta Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Sparta Operator, LLC's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XIX – DOE DEFENDANTS
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

201.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

202.    Plaintiffs are unaware of the true names or capacities, whether individual, corporate, associate or otherwise, of those defendants fictitiously sued as Does 1 through 100 inclusively and therefore Plaintiffs sue them by these fictitious names.  Plaintiffs name only the Doe defendants 1 through 100 who are citizens of Illinois, and specifically refrain from and do not include any non-Illinois citizen whether individual, corporate, associate or otherwise.   Doe defendants 1 through 100 are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiffs will amend this Complaint to show the true names and capacities of these fictitiously named defendants.

203.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

204.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by the Doe Defendants or their agents or employers through,

*inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

205.   The Doe Defendant's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

206.   Also, the Doe Defendants failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

207.   Similarly, the Doe Defendants failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

208.   The Doe Defendants' collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that the Doe Defendants' actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring the Doe Defendants to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that the Doe Defendants'

violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

Respectfully submitted,
THE DRISCOLL FIRM, P.C.

BY:     /s/ John J. Driscoll
JOHN J. DRISCOLL (6276464)
CHRISTOPHER J. QUINN (6310758)
THE DRISCOLL FIRM, P.C.
211 North Broadway, Suite 4050
St. Louis, Missouri 63012
Telephone No. (314) 932-3232
Fax No. (314) 932-3233
john@thedriscollfirm.com
chris@thedriscollfirm.com

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 692-6240
WWW.CO.MADISON.IL.US

DICHA JAMERSON (nee PUCKETT),                                              2017L 001582
Individually and on behalf of all others
similarly situated,

      PLAINTIFF

VS.                                                              CASE No. 2017-L-_____

Cedarhurst of Edwardsville
Holdings, LLC, et al.

      DEFENDANTS

DEFENDANT: Cedarhurst of Edwardsville Holdings, LLC, RA Joshua R. Jennings, 7108
Marine Rd., Edwardsville IL 62025.

      You are hereby summoned and required to file an answer in this case, or otherwise
file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after
service of this summons, exclusive of the day of service. If you fail to do so, a judgment or
decree by default may be taken against you for the relief prayed in the complaint.

      This summons may not be served later than 30 days after its date.

| | |
|---|---|
| WITNESS: MARK VON NIDA, the Clerk of the Circuit Court and the seal thereof at Edwardsville, Illinois.    Nov 17 2017 12:00AM | |
| [seal] | MARK VON NIDA - Clerk of the Circuit Court<br>*K. M. Cle*<br>Deputy Clerk |

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
JOHN J. DRISCOLL
THE DRISCOLL FIRM, P.C.
211 N. BROADAY, 40TH FLOOR, ST. LOUIS, MO 63102

Date of Service: _____, 20____.
(To be inserted by officer on the copy left with the defendant or other person)

Case Number 2017L 001582
Transaction ID: 61375999
Date:  Nov 17 2017 03:49PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

**IN THE CIRCUIT COURT**

**THIRD JUDICIAL CIRCUIT**

**MADISON COUNTY, ILLINOIS**

| | | |
|---|---|---|
| DICHA JAMERSON (nee PUCKETT), individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No.  17 -L- _____ |
| CEDARHURST OF EDWARDSVILLE HOLDINGS, LLC; CEDARHURST OF EDWARDSVILLE OPERATOR, LLC; CEDARHURST MEMORY CARE OF EDWARDSVILLE, LLC; CEDARHURST OF COLLINSVILLE HOLDINGS, LLC; CEDARHURST OF COLLINSVILLE, LLC; CEDARHURST OF COLLINSVILLE OPERATOR, LLC; CEDARHURST OF GREENVILLE HOLDINGS, LLC; CEDARHURST OF GREENVILLE OPERATOR, LLC; CEDARHURST OF GREENVILLE REAL ESTATE, LLC; CEDARHURST OF JACKSONVILLE HOLDINGS, LLC; CEDARHURST OF JACKSONVILLE, LLC; CEDARHURST OF JACKSONVILLE OPERATOR, LLC; CEDARHURST OF SHILOH COTTAGES, LLC; CEDARHURST OF SHILOH, LLC; CEDARHURST OF SHILOH OPERATOR, LLC; CEDARHURST OF SPARTA HOLDINGS, LLC; CEDARHURST OF SPARTA, LLC; CEDARHURST OF SPARTA OPERATOR, LLC; and DOE DEFENDANTS 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff Dicha Jamerson (nee Puckett), individually, and on behalf of all others similarly situated, by and through her attorneys, JOHN J. DRISCOLL and THE DRISCOLL FIRM, P.C., and brings this class action complaint pursuant to 735 ILCS 5/2-801, *et seq.,* and alleges as follows:

## NATURE OF THE ACTION

1.      This is a Class Action for money damages arising from Defendants' violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et. seq.*, ("BIPA") in that Defendants illegally collected, stored and used Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information ("biometrics") without informed written consent, in direct violation of BIPA.

2.      Our legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c).  "For example, social security numbers, when compromised, can be changed.  Biometrics, however, are biologically unique to the individual;  therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.*

3.      In response to these concerns over the security of individuals' biometrics, (740 ILCS 14/5(b)) our legislature enacted BIPA, which provides, *inter alia*, that a private entity may not obtain and/or possess an individual's biometrics unless it:  (1)  informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*;  (3) receives a written release

from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a) and (b).

4.     In violation of each of the foregoing provisions of §15(a) and (b) of BIPA, the Defendants are actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of hundreds or more unwitting Illinois resident citizens.

5.     Plaintiff seeks class certification pursuant to 735 ILCS 5/2-801, *et seq*. Dicha Jamerson (nee Puckett), individually, and on behalf of all others similarly situated ("the Class"), brings this action against the Cedarhurst Defendants and the Doe Defendants described in further detail below (collectively, "Defendants"), for claims relating to the violation of Plaintiff's privacy rights and to recover statutory damages for Defendants' unauthorized collection, storage, and use of Plaintiff's and the Class members' respective biometric information in violation of BIPA.

## PARTIES

### I.     PLAINTIFF

6.     Cedarhurst collected, captured, stored and used plaintiff's biometric information for the purpose of tracking time and attendance while she was an employee of Cedarhurst.

7.     Plaintiff Dicha Jamerson is, and at all times relevant to this action was, a resident citizen of Madison County, Illinois. Jamerson is a former Cedarhurst employee at a location in Edwardsville, Illinois. Jamerson was required to submit her biometric information at the direction of and for use by her employer. At no time during her employment at Cedarhurst

was Jamerson informed in writing that her biometric information was being collected or stored or of the specific purpose and length of term for which her biometric information was being collected, stored, and used.  At no time did Jamerson execute a writing releasing or permitting Defendants to utilize her biometric information.  Jamerson was never provided with a publicly available written policy regarding a schedule or guideline for the retention and permanent destruction of her biometric information.

## II.    DEFENDANTS

8.    Defendants Cedarhurst of Edwardsville Holdings, LLC; Cedarhurst of Edwardsville Operator, LLC; Cedarhurst Memory Care of Edwardsville, LLC; Cedarhurst of Collinsville Holdings, LLC; Cedarhurst of Collinsville, LLC; Cedarhurst of Collinsville Operator, LLC; Cedarhurst of Greenville Holdings, LLC; Cedarhurst of Greenville Operator, LLC; Cedarhurst of Greenville Real Estate, LLC; Cedarhurst of Jacksonville Holdings, LLC; Cedarhurst of Jacksonville, LLC; Cedarhurst of Jacksonville Operator, LLC; Cedarhurst of Shiloh Cottages, LLC; Cedarhurst of Shiloh, LLC; Cedarhurst of Shiloh Operator, LLC; Cedarhurst of Sparta Holdings, LLC; Cedarhurst of Sparta, LLC; and Cedarhurst of Sparta Operator, LLC (collectively, jointly, and severally, "Cedarhurst") are all citizens of the State of Illinois.

9.    Save for Cedarhurst of Collinsville Holdings, LLC, each of the foregoing Defendants shares the same registered agent for service of process.  That registered agent is Joshua R. Jennings, 7108 Marine Rd., Edwardsville IL 62025.

10.    The registered agent for Cedarhurst of Collinsville Holdings, LLC is Joshua R. Jennings, 16319 Briarwood Dr., Effingham IL 62401.

11.    Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise, of those defendants fictitiously sued as Doe Defendants 1

through 100 inclusively and therefore Plaintiff sues them by these fictitious names. Plaintiff names only the Doe Defendants 1 through 100 that are citizens of Illinois, and specifically refrains from and does not include herein any non-Illinois citizen whether individual, corporate, associate or otherwise. Doe Defendants 1 through 100 are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiff will amend the Complaint to show the true names and capacities of these fictitiously named defendants.

### III.    DEFENDANTS' JOINT AND SEVERAL LIABILITY

12.    Defendants, and each of them, exercised, and continue to exercise, control over their respective operations, including the facts and circumstances giving rise to this case, such that each of them, and all of them, are liable jointly and severally for the acts of each other and the acts of the Doe Defendants, whether through operation of *respondeat superior*, the law of agency, alter ego, common law joint and several liability, joint enterprise / civil conspiracy, or other grounds.

### JURISDICTION AND VENUE

13.    This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq*.) seeking statutory and actual damages.

14.    This Court has subject matter and personal jurisdiction over the parties to this cause of action. All named parties are citizens of Illinois. Accordingly, there is no complete diversity of citizenship as contemplated by 28 U.S.C. §1332(a), nor is there minimal diversity as contemplated by 28 U.S.C. §1332(d). No federal question is presented by this complaint. Plaintiff brings this complaint solely under state law and not under federal law, and specifically not under the United States Constitution, nor any of its amendments, nor under 42 U.S.C. § 1981 or 1982, nor any other federal statute, law, rule, or regulation. Federal jurisdiction does not exist. Plaintiff

believes and alleges that a cause of action exists under state law for the conduct complained of herein.  If this Court or the Appellate Courts of Illinois were to rule that Plaintiff has no cause of action under state law for the conduct set out herein, then Plaintiff seeks no remedy.  Accordingly, Plaintiff expressly waives and hereby disavows any claim for any relief whatsoever under any federal law or any federal question concerning the allegations of this complaint, whether said allegations are pled or not.

15.     This Class Action is brought on behalf of only Illinois citizens within the State of Illinois who submitted their respective biometric information to the Defendants within the State of Illinois.

16.     Consistent with the Due Process Clauses of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over the Cedarhurst Defendants because these defendants are citizens of Illinois, and are therefore present in the State of Illinois such that requiring an appearance does not offend traditional notions of fair play and substantial justice. Defendants are Illinois citizens because they have their principal place of business in Illinois, were organized under the laws of Illinois, and/or have a member that has its principal place of business in Illinois or was organized under the laws of Illinois.

17.     Cedarhurst employed Plaintiff and each Class member in Illinois, including in Madison County, Illinois.  Accordingly, venue is proper under 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil Procedure.

18.     Plaintiff and each member of the Class have individually incurred actual damages in an amount less than $75,000.00.  Neither the Plaintiff nor any member of the Class seeks damages exceeding $75,000, nor do their damages individually exceed $75,000.00, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder.  Plaintiffs do not seek

any form of "common" recovery, but rather individual recoveries not to exceed $75,000.00, for any Class member, inclusive of interest and attorneys' fees and all relief of any nature sought hereunder.

## FACTS COMMON TO ALL COUNTS

I.    **Illinois' Biometric Information Privacy Act**

19.    In 2008, our state enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information."  Illinois House Transcript, 2008 Reg. Sess. No. 276.  BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

> (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;
> (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used: and
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

20.    Section 15 (a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

21.    As alleged herein, Cedarhurst's practices of collecting, storing, and using individuals' biometric identifiers without informed written consent violate all three prongs of §

15(b) of BIPA. The Defendants' failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric information also violates §15(a) of BIPA.

## II.  Defendants' Utilization of Biometric Information To Advance Their Commercial Interests

22.    Cedarhurst has implemented biometric scanners in Illinois to track time and attendance of its employees, in an effort to combat time and attendance fraud and/or for other purposes of advancing Cedarhurst's commercial interests.

23.    The named plaintiff's biometric information was collected, captured, stored and used by Cedarhurst for the purpose of tracking time and attendance while she was an employee of Cedarhurst.

## III.  Defendants' Violations of Illinois' Biometric Information Privacy Act

24.    Cedarhurst utilizes a finger or hand print reader/scanner for the purposes of measuring employees' time and attendance; this is a primary method to "clock-in" at Defendants' locations, all of which are located in Illinois. Defendants required all present and past employees that have worked at these locations to provide biometric information, specifically a scan of their finger and/or hand prints.

25.    Upon investigation and belief, the Defendants are violating BIPA in collecting and storing the biometric information of their employees at the locations that utilize biometric scanners (finger / hand print readers), as they are not first informing employees in writing that their biometric information is or will be collected and stored;   they are not first informing employees in writing of the specific purpose and length of term for which their respective biometric identifiers or biometric information will be collected, stored, and/or used;  nor are they first securing written releases from each respective employee.

26.   The Defendants' violations of BIPA are not occurring at just one location, nor are they being perpetrated in only one geography.   The Defendants' violations of BIPA are occurring at multiple locations in the state of Illinois, and have been occurring since Defendants' implementation of biometric scanners/readers.

## CLASS ACTION ALLEGATIONS

27.   This action is brought by the named Plaintiff on her own behalf and on behalf of a proposed Class of all other persons similarly situated, pursuant to 735 ILCS 5/2-801, defined as follows: *All Illinois citizens who had their biometric identifiers, information or data captured, collected, stored or used by the Defendants in violation of 740 ILCS 14/1, et. seq.*

28.   All members of the proposed Class are citizens of Illinois.   The principal injuries resulting from the alleged conduct or any related conduct of each Defendant were incurred in Illinois.   On information and belief, during the three-year period preceding the filing of this action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

29.   At least one defendant herein is a defendant from whom significant relief is sought by members of the plaintiff Class; whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff Class; and is a citizen of the State of Illinois.   Stating in the alternative, the primary defendants are citizens of the state of Illinois.

30.   The Plaintiff is the master of her complaint and cause.   Plaintiff specifically excludes from the proposed class the claims of any non-Illinois citizen; any and all claims against any non-Illinois citizens; any other claims, including claims for personal injury, wrongful death, or other property damage sustained by the Class; and any Judge conducting any proceeding in this action and members of their immediate families.

31.    The Class is so numerous that the individual joinder of all members is impracticable. While the exact number of Class members is unknown at this time, it is generally ascertainable by appropriate discovery, is in the exclusive control of the Defendants, and it is believed that the Class may include hundreds or thousands of members.

32.    Common questions of law or fact arising from the defendants' conduct exist as to all members of the Class, as required by 735 ILCS 5/2-801. These common questions include, but are not limited to, the following:

a.    Whether the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class?

b.    If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants inform the Plaintiff and the Class in writing that a biometric identifier or biometric information was being collected or stored?

c.    If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants inform the Plaintiff and the Class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used?

d.    If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants receive a written release executed by the Plaintiff and the Class of the biometric identifier or biometric information or the Plaintiff's or Class' legally authorized representative?

e.    If the Defendants captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendants develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first?

f.    Whether Defendants required employees to provide biometric information?

10

g.  Whether the Defendants captured, collected, stored or used the biometric information of customers?

33.  Class action treatment provides a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable. The Class action device provides an appropriate and effective method whereby the enforcement of the rights of Plaintiff and members of the Class can be fairly managed without unnecessary expense or duplication. The expense and burden of individual litigation of a case of this magnitude makes it impracticable for individual Class members to seek redress for the wrongs worked upon them.

34.  Individual litigation of all claims which might be asserted by all Class members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. The certification of a Class would allow litigation of claims that, in view of the expenses of litigation, may be insufficient in amounts to support separate actions. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of individual Class members, and result in judicial consistency.

35.  Plaintiff will fairly and adequately protect the interests of the Class Plaintiff represents. The interests of Plaintiff, as the Class representative, are consistent with those of the members of the Class. In addition, Plaintiff is represented by counsel experienced in complex and class action litigation.

36.  The prosecution of separate actions by individual members of the Class would create a risk of:

a.  Inconsistent or varying adjudications with respect to individual members of the Class; and

b.  Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other

11

members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

37.    Plaintiff and Class members envision no unusual difficulty in the management of this action as a Class action.

## COUNT I – CEDARHURST MEMORY CARE OF EDWARDSVILLE, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

38.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.    Defendant Cedarhurst Memory Care of Edwardsville, LLC, is an Illinois limited liability company and citizen of the state of Illinois.

40.    Defendant Cedarhurst Memory Care of Edwardsville, LLC is therefore a "private entity" pursuant to BIPA.

41.    Cedarhurst, including Defendant Cedarhurst Memory Care of Edwardsville LLC, is a private entity that collects biometric information from many of its employees.

42.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

43.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst Memory Care of Edwardsville LLC or

its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

44.     Defendant Cedarhurst Memory Care of Edwardsville LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

45.     Also, Cedarhurst Memory Care of Edwardsville LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

46.     Similarly, Cedarhurst Memory Care of Edwardsville LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

47.     Defendant Cedarhurst Memory Care of Edwardsville LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst Memory Care of Edwardsville LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst Memory Care of Edwardsville LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)

statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst Memory Care of Edwardsville LLC's violations of BIPA were negligent;   (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT II – CEDARHURST OF EDWARDSVILLE HOLDINGS, LLC

### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

48.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49.     Defendant Cedarhurst of Edwardsville Holdings, LLC, is an Illinois limited liability company and citizen of the state of Illinois.   Defendant Cedarhurst of Edwardsville Holdings, LLC is therefore a "private entity" pursuant to BIPA.

50.     Cedarhurst, including Defendant Cedarhurst of Edwardsville Holdings, LLC, is a private entity that collects biometric information from many of its employees.

51.     BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

52.     The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Edwardsville Holdings, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

53.     Defendant Cedarhurst of Edwardsville Holdings, LLC 's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

54.     Also, Cedarhurst of Edwardsville Holdings, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

55.     Similarly, Cedarhurst of Edwardsville Holdings, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

56.     Defendant Cedarhurst of Edwardsville Holdings, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant Cedarhurst of Edwardsville Holdings, LLC 's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiff

and the Class by requiring Defendant Cedarhurst of Edwardsville Holdings, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Edwardsville Holdings, LLC's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT III – CEDARHURST OF EDWARDSVILLE OPERATOR, LLC
**Violation of 740 ILCS 14/1 et seq.**
**(On Behalf of Plaintiffs and the Class)**

57.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58.    Defendant Cedarhurst of Edwardsville Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Edwardsville Operator, LLC is therefore a "private entity" pursuant to BIPA.

59.    Cedarhurst, including Defendant Cedarhurst of Edwardsville Operator, LLC, is a private entity that collects biometric information from many of its employees.

60.    BIPA makes it unlawful for any private entity to, *inter alia,* "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release

executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

61.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Edwardsville Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

62.    Defendant Cedarhurst of Edwardsville Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

63.    Also, Cedarhurst of Edwardsville Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

64.    Similarly, Cedarhurst of Edwardsville Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

65.    Defendant Cedarhurst of Edwardsville Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant

Cedarhurst of Edwardsville Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Edwardsville Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Edwardsville Operator, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT IV – CEDARHURST OF COLLINSVILLE HOLDINGS, LLC
**Violation of 740 ILCS 14/1 et seq.**
**(On Behalf of Plaintiffs and the Class)**

66.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67.     Defendant Cedarhurst of Collinsville Holdings, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Collinsville Holdings, LLC is therefore a "private entity" pursuant to BIPA.

68.     Cedarhurst, including Defendant Cedarhurst of Collinsville Holdings, LLC, is a private entity that collects biometric information from many of its employees.

69.     BIPA makes it unlawful for any private entity to, *inter alia,* "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or

biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

70.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Collinsville Holdings, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

71.    Defendant Cedarhurst of Collinsville Holdings, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

72.    Also, Cedarhurst of Collinsville Holdings, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

73.    Similarly, Cedarhurst of Collinsville Holdings, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

74.    Defendant Cedarhurst of Collinsville Holdings, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant Cedarhurst of Collinsville Holdings, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Collinsville Holdings, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Collinsville Holdings, LLC's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT V – CEDARHURST OF COLLINSVILLE, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

75.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

76.    Defendant Cedarhurst of Collinsville, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Collinsville, LLC is therefore a "private entity" pursuant to BIPA.

77.    Cedarhurst, including Defendant Cedarhurst of Collinsville, LLC, is a private entity that collects biometric information from many of its employees.

78.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject

. . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

79.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Collinsville, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

80.    Defendant Cedarhurst of Collinsville, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

81.    Also, Cedarhurst of Collinsville, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

82.    Similarly, Cedarhurst of Collinsville, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

83.    Defendant Cedarhurst of Collinsville, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant Cedarhurst of Collinsville, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Collinsville, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Collinsville, LLC's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT VI – CEDARHURST OF COLLINSVILLE OPERATOR, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

84.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

85.    Defendant Cedarhurst of Collinsville Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Collinsville Operator, LLC is therefore a "private entity" pursuant to BIPA.

86.    Cedarhurst, including Defendant Cedarhurst of Collinsville Operator, LLC, is a private entity that collects biometric information from many of its employees.

87.    BIPA makes it unlawful for any private entity to, *inter alia,* "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or

biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

88.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Collinsville Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

89.    Defendant Cedarhurst of Collinsville Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

90.    Also, Cedarhurst of Collinsville Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

91.    Similarly, Cedarhurst of Collinsville Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

92.    Defendant Cedarhurst of Collinsville Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et*

*seq.*, appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant Cedarhurst of Collinsville Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Collinsville Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Collinsville Operator, LLC's violations of BIPA were negligent;  (5)  reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

## COUNT VII – CEDARHURST OF GREENVILLE HOLDINGS, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

93.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

94.    Defendant Cedarhurst of Greenville Holdings, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Greenville Holdings, LLC is therefore a "private entity" pursuant to BIPA.

95.    Cedarhurst, including Defendant Cedarhurst of Greenville Holdings, LLC, is a private entity that collects biometric information from many of its employees.

96.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject

. . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

97.     The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Greenville Holdings, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

98.     Defendant Cedarhurst of Greenville Holdings, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

99.     Also, Cedarhurst of Greenville Holdings, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

100.     Similarly, Cedarhurst of Greenville Holdings, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

101.     Defendant Cedarhurst of Greenville Holdings, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Greenville Holdings, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Greenville Holdings, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Greenville Holdings, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT VIII – CEDARHURST OF GREENVILLE OPERATOR, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

102.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

103.    Defendant Cedarhurst of Greenville Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Greenville Operator, LLC is therefore a "private entity" pursuant to BIPA.

104.    Cedarhurst, including Defendant Cedarhurst of Greenville Operator, LLC, is a private entity that collects biometric information from many of its employees.

105.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a

biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

106.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Greenville Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

107.    Defendant Cedarhurst of Greenville Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

108.    Also, Cedarhurst of Greenville Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

109.    Similarly, Cedarhurst of Greenville Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

110.    Defendant Cedarhurst of Greenville Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Greenville Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Greenville Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Greenville Operator, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT IX – CEDARHURST OF GREENVILLE REAL ESTATE, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

111.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

112.    Defendant Cedarhurst of Greenville Real Estate, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Greenville Real Estate, LLC is therefore a "private entity" pursuant to BIPA.

113.    Cedarhurst, including Defendant Cedarhurst of Greenville Real Estate, LLC, is a private entity that collects biometric information from many of its employees.

114.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a

biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

115.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Greenville Real Estate, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

116.    Defendant Cedarhurst of Greenville Real Estate, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

117.    Also, Cedarhurst of Greenville Real Estate, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

118.    Similarly, Cedarhurst of Greenville Real Estate, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

119.    Defendant Cedarhurst of Greenville Real Estate, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Greenville Real Estate, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Greenville Real Estate, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Greenville Real Estate, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT X – CEDARHURST OF JACKSONVILLE HOLDINGS, LLC
**Violation of 740 ILCS 14/1 et seq.**
**(On Behalf of Plaintiffs and the Class)**

120.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

121.    Defendant Cedarhurst of Jacksonville Holdings, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Jacksonville Holdings, LLC is therefore a "private entity" pursuant to BIPA.

122.    Cedarhurst, including Defendant Cedarhurst of Jacksonville Holdings, LLC, is a private entity that collects biometric information from many of its employees.

123.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a

biometric identifier or biometric information is being collected or stored;  (2) informs the subject

. . . in writing of the specific purpose and length of term for which a biometric identifier or

biometric information is being collected, stored, and used;  and (3) receives a written release

executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS

14/15(b) (emphasis added).

124.    The Plaintiff and the class are Illinois citizens that had their "biometric

information" collected and stored by Defendant Cedarhurst of Jacksonville Holdings, LLC or its

agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other

individual biometric data points.

125.    Defendant Cedarhurst of Jacksonville Holdings, LLC's receipt, collection,

storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and

done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

126.    Also, Cedarhurst of Jacksonville Holdings, LLC failed to properly inform the

Plaintiff or the class members in writing of the specific purpose and length of terms for which their

biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-

(2).

127.    Similarly, Cedarhurst of Jacksonville Holdings, LLC failed to publicly provide

a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs

or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

128.    Defendant Cedarhurst of Jacksonville Holdings, LLC's collection, storage,

trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data

as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Jacksonville Holdings, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Jacksonville Holdings, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Jacksonville Holdings, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XI – CEDARHURST OF JACKSONVILLE, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

129.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

130.    Defendant Cedarhurst of Jacksonville, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Jacksonville, LLC is therefore a "private entity" pursuant to BIPA.

131.    Cedarhurst, including Defendant Cedarhurst of Jacksonville, LLC, is a private entity that collects biometric information from many of its employees.

132.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

133.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Jacksonville, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

134.    Defendant Cedarhurst of Jacksonville, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

135.    Also, Cedarhurst of Jacksonville, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

136.    Similarly, Cedarhurst of Jacksonville, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

137.    Defendant Cedarhurst of Jacksonville, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as

described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Jacksonville, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Jacksonville, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Jacksonville, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XII – CEDARHURST OF JACKSONVILLE OPERATOR, LLC
**Violation of 740 ILCS 14/1 et seq.**
**(On Behalf of Plaintiffs and the Class)**

138.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

139.    Defendant Cedarhurst of Jacksonville Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Jacksonville Operator, LLC is therefore a "private entity" pursuant to BIPA.

140.    Cedarhurst, including Defendant Cedarhurst of Jacksonville Operator, LLC, is a private entity that collects biometric information from many of its employees.

141.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

142.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Jacksonville Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

143.    Defendant Cedarhurst of Jacksonville Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

144.    Also, Cedarhurst of Jacksonville Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

145.    Similarly, Cedarhurst of Jacksonville Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

146.    Defendant Cedarhurst of Jacksonville Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Jacksonville Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Jacksonville Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Jacksonville Operator, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XIII – CEDARHURST OF SHILOH COTTAGES, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

147.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

148.    Defendant Cedarhurst of Shiloh Cottages, LLC, is an Illinois limited liability company and citizen of the state of Illinois. Defendant Cedarhurst of Shiloh Cottages, LLC is therefore a "private entity" pursuant to BIPA.

149.    Cedarhurst, including Defendant Cedarhurst of Shiloh Cottages, LLC, is a private entity that collects biometric information from many of its employees.

150.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

151.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Shiloh Cottages, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

152.    Defendant Cedarhurst of Shiloh Cottages, LLC 's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

153.    Also, Cedarhurst of Shiloh Cottages, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

154.    Similarly, Cedarhurst of Shiloh Cottages, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

155.    Defendant Cedarhurst of Shiloh Cottages, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2)  a declaration that Defendant Cedarhurst of Shiloh Cottages, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Shiloh Cottages, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Shiloh Cottages, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

### COUNT XIV – CEDARHURST OF SHILOH, LLC
**Violation of 740 ILCS 14/1 et seq.**
**(On Behalf of Plaintiffs and the Class)**

156.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

157.    Defendant Cedarhurst of Shiloh, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Shiloh, LLC is therefore a "private entity" pursuant to BIPA.

158.    Cedarhurst, including Defendant Cedarhurst of Shiloh, LLC, is a private entity that collects biometric information from many of its employees.

159.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

160.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Shiloh, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

161.    Defendant Cedarhurst of Shiloh, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

162.    Also, Cedarhurst of Shiloh, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

163.    Similarly, Cedarhurst of Shiloh, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

164.    Defendant Cedarhurst of Shiloh, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Shiloh, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Shiloh, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Shiloh, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XV – CEDARHURST OF SHILOH OPERATOR, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

165.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

166.    Defendant Cedarhurst of Shiloh Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Shiloh Operator, LLC is therefore a "private entity" pursuant to BIPA.

167.    Cedarhurst, including Defendant Cedarhurst of Shiloh Operator, LLC, is a private entity that collects biometric information from many of its employees.

168.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

169.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Shiloh Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

170.    Defendant Cedarhurst of Shiloh Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

171.    Also, Cedarhurst of Shiloh Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their

biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

172.    Similarly, Cedarhurst of Shiloh Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

173.    Defendant Cedarhurst of Shiloh Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Shiloh Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Shiloh Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Shiloh Operator, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XVI – CEDARHURST OF SPARTA HOLDINGS, LLC
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

174.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

175.    Defendant Cedarhurst of Sparta Holdings, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Sparta Holdings, LLC is therefore a "private entity" pursuant to BIPA.

176.    Cedarhurst, including Defendant Cedarhurst of Sparta Holdings, LLC, is a private entity that collects biometric information from many of its employees.

177.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

178.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Sparta Holdings, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

179.    Defendant Cedarhurst of Sparta Holdings, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

180.    Also, Cedarhurst of Sparta Holdings, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their

biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

181.    Similarly, Cedarhurst of Sparta Holdings, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

182.    Defendant Cedarhurst of Sparta Holdings, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel; (2)  a declaration that Defendant Cedarhurst of Sparta Holdings, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3)  injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Sparta Holdings, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Sparta Holdings, LLC's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

### COUNT XVII – CEDARHURST OF SPARTA, LLC
**Violation of 740 ILCS 14/1 et seq.**
**(On Behalf of Plaintiffs and the Class)**

183.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

184.    Defendant Cedarhurst of Sparta, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Sparta, LLC is therefore a "private entity" pursuant to BIPA.

185.    Cedarhurst, including Defendant Cedarhurst of Sparta, LLC, is a private entity that collects biometric information from many of its employees.

186.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

187.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Sparta, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

188.    Defendant Cedarhurst of Sparta, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

189.    Also, Cedarhurst of Sparta, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

190.    Similarly, Cedarhurst of Sparta, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

191.    Defendant Cedarhurst of Sparta, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for:  (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.,* appointing the undersigned counsel as class counsel;  (2)  a declaration that Defendant Cedarhurst of Sparta, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*;  (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Sparta, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data;  (4)  statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Sparta, LLC's violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XVIII – CEDARHURST OF SPARTA OPERATOR, LLC
### Violation of 740 ILCS 14/1 et seq.

**(On Behalf of Plaintiffs and the Class)**

192.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

193.   Defendant Cedarhurst of Sparta Operator, LLC, is an Illinois limited liability company and citizen of the state of Illinois.  Defendant Cedarhurst of Sparta Operator, LLC is therefore a "private entity" pursuant to BIPA.

194.   Cedarhurst, including Defendant Cedarhurst of Sparta Operator, LLC, is a private entity that collects biometric information from many of its employees.

195.   BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

196.   The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by Defendant Cedarhurst of Sparta Operator, LLC or its agents through, *inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

197.   Defendant Cedarhurst of Sparta Operator, LLC's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

198.    Also, Cedarhurst of Sparta Operator, LLC failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

199.    Similarly, Cedarhurst of Sparta Operator, LLC failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

200.    Defendant Cedarhurst of Sparta Operator, LLC's collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that Defendant Cedarhurst of Sparta Operator, LLC's actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant Cedarhurst of Sparta Operator, LLC to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant Cedarhurst of Sparta Operator, LLC's violations of BIPA were negligent; (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); and (6) for any other relief deemed appropriate in the premises.

## COUNT XIX – DOE DEFENDANTS
### Violation of 740 ILCS 14/1 et seq.
### (On Behalf of Plaintiffs and the Class)

201.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

202.    Plaintiffs are unaware of the true names or capacities, whether individual, corporate, associate or otherwise, of those defendants fictitiously sued as Does 1 through 100 inclusively and therefore Plaintiffs sue them by these fictitious names.  Plaintiffs name only the Doe defendants 1 through 100 who are citizens of Illinois, and specifically refrain from and do not include any non-Illinois citizen whether individual, corporate, associate or otherwise.    Doe defendants 1 through 100 are in some manner responsible for the conduct alleged herein.   Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiffs will amend this Complaint to show the true names and capacities of these fictitiously named defendants.

203.    BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:  (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;  (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;  and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b) (emphasis added).

204.    The Plaintiff and the class are Illinois citizens that had their "biometric information" collected and stored by the Doe Defendants or their agents or employers through,

*inter alia*, copying/recording of their respective fingerprints and possibly other individual biometric data points.

205.    The Doe Defendant's receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

206.    Also, the Doe Defendants failed to properly inform the Plaintiff or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

207.    Similarly, the Doe Defendants failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the plaintiffs or class members, as they were required to do pursuant to 740 ILCS 14/15(a).

208.    The Doe Defendants' collection, storage, trading, and/or use of the Plaintiff's and class members' biometric identifiers, information or data as described herein, violates the rights of each plaintiff and class member to keep private this information, as provided in BIPA.

WHEREFORE, individually, and on behalf of the proposed class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, appointing the undersigned counsel as class counsel; (2) a declaration that the Doe Defendants' actions, as pled herein, violate BIPA, 740 ILCS 14/1 *et seq.*; (3) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring the Doe Defendants to comply with the requirements of BIPA as to the collection, storage and use of biometric data; (4) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that the Doe Defendants'

violations of BIPA were negligent;  (5) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3);  and (6) for any other relief deemed appropriate in the premises.

Respectfully submitted,
THE DRISCOLL FIRM, P.C.

BY:    /s/ John J. Driscoll
JOHN J. DRISCOLL (6276464)
CHRISTOPHER J. QUINN (6310758)
THE DRISCOLL FIRM, P.C.
211 North Broadway, Suite 4050
St. Louis, Missouri 63012
Telephone No. (314) 932-3232
Fax No. (314) 932-3233
john@thedriscollfirm.com
chris@thedriscollfirm.com