**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| DICHA JAMERSON (nee PUCKETT), individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CEDARHURST OF EDWARDSVILLE HOLDINGS, LLC, *et al.*,<br><br>Defendants. | Case No.: 3:17-cv-01401 |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Cedarhurst Living, LLC, *erroneously sued as* Defendants "Cedarhurst of Edwardsville Holdings, LLC; Cedarhurst of Edwardsville Operator, LLC; Cedarhurst Memory Care of Edwardsville, LLC; Cedarhurst of Collinsville Holdings, LLC; Cedarhurst of Collinsville, LLC; Cedarhurst of Collinsville Operator, LLC; Cedarhurst of Greenville Holdings, LLC; Cedarhurst of Greenville Operator, LLC; Cedarhurst of Greenville Real Estate, LLC; Cedarhurst of Jacksonville Holdings, LLC; Cedarhurst of Jacksonville, LLC; Cedarhurst of Jacksonville Operator, LLC; Cedarhurst of Shiloh Cottages, LLC; Cedarhurst of Shiloh, LLC; Cedarhurst of Shiloh Operator, LLC; Cedarhurst of Sparta Holdings, LLC; Cedarhurst of Sparta, LLC; Cedarhurst of Sparta Operator, LLC" (collectively "Defendants"), moves to dismiss Plaintiff's Class Action Complaint (the "Complaint") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

The Complaint fails to state a claim under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, because a private right of action is only available under the statute for "aggrieved persons." 740 ILCS 14/20. This class of persons is limited to those who

allege actual injury or adverse effect as a result of violations of BIPA. *Rosenbach v. Six Flags Entertainment Corp.*, 2017 IL App (2d) 170317. Plaintiff has not alleged any injury or adverse effect related to Defendants' alleged violations of BIPA. Plaintiff's Complaint must therefore be dismissed with prejudice in its entirety.

Contemporaneously herewith and fully incorporated herein, Defendants file their memorandum in support of their Motion to Dismiss Plaintiff's Class Action Complaint. S.D. Ill. L.R. 7.1(c).

WHEREFORE, Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's Class Action Complaint and dismiss the entire Complaint with prejudice pursuant to Rule 12(b)(6) and for such other and further relief as the Court deems just under the circumstances.

Respectfully submitted,

Dated: January 19, 2018         GREENSFELDER, HEMKER & GALE, P.C.

By ___/s/ Abby L. Risner___
Gregory C. Mollett, IL # 6257584
gcm@greensfelder.com
Abby L. Risner, IL # 6288551
alr@greensfelder.com
Clark W. Hedger, IL # 6286372
ch1@greensfelder.com
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 345-4785
Facsimile: (314) 345-5465

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2018, I electronically filed the MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT with the Clerk of the Court for the United States District Court, Southern District of Illinois by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the Southern District CM/ECF system.

*/s/ Abby L. Risner*